**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **RICHARD NORMAN LONG,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-06-CA-769-LY** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 9). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

**A.      Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 33rd Judicial District Court of Llano County, in cause number 5336, styled <u>The State of Texas v. Richard Norman Long.</u> Petitioner was charged by indictment with

the felony offense of driving while intoxicated, enhanced to habitual offender status.  On June 17, 2003, Petitioner pleaded guilty to an enhanced, second-degree felony offense, pursuant to a plea bargain agreement, and was sentenced to 14 years in prison.

Petitioner filed an untimely notice of appeal on November 18, 2003.  As a result, the Third Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction on January 8, 2004.  Long v. State, No. 03-03-00679-CR, 2004WL 35454 (Tex. App. – Austin 2004, no pet.).  Mandate issued March 31, 2004.

On March 15, 2004, Petitioner filed a state application for habeas corpus relief.  Ex parte Long, Appl. No. 29,202-02.  On January 12, 2005, the state application was dismissed, because it was filed before mandate had issued and while the direct appeal was still pending.

Petitioner filed a second state application for habeas corpus relief challenging his conviction.  It was filed on March 18, 2005.  Ex parte Long, Appl. No. 29,202-03.  The Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing.

**B.**      **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      His counsel was ineffective because he gave erroneous advice, inducing Petitioner to plead guilty;

2.      His plea was not voluntarily or knowingly made because it was based on this false information; and

3.      His sentence is invalid because it was enhanced using prior misdemeanor convictions obtained without the benefit of counsel.

**C.      Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## II.  DISCUSSION AND ANALYSIS

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1]  The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

**B.      Application**

Petitioner's conviction became final, at the latest, on July 17, 2003, at the conclusion of time during which he could have appealed his conviction.  See TEX. R. APP. P. 26.2(a).  Even if this Court were to grant Petitioner statutory tolling from the time he filed his untimely notice of appeal until the court of appeals issued their mandate, Petitioner's federal application would have been due on or before November 27, 2004.  Petitioner did not execute his federal application until September 21, 2006, after the limitations period had expired.

Petitioner's first state application for habeas corpus relief did not operate to toll the limitations period, because it was not properly filed.  Artuz v. Bennett, 531 U.S. 4, 9, 121 S. Ct. 361 (2004) (if an application is erroneously accepted by the clerk of a court lacking jurisdiction it is not properly filed); Larry v. Dretke, 361 F.3d 890 (5th Cir. 2004) (state writ filed while direct appeal was pending was not properly filed).  Petitioner's second state application for habeas corpus relief also did not operate to toll the limitations period, because it was filed on March 18, 2005, after the limitations period had already expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

**III.  RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be dismissed as time-barred.

4

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of January, 2007.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE